Appeal from so much of an order of the Supreme Court at Special Term, entered December 14, 1949, in New York County, in consolidated proceedings (1) for the compulsory accounting of Guaranty Trust Company of New York, as substituted trustee under a trust created by Jean Ferris, from April 18, 1935, to date, and (2) for the judicial settlement of the account of said trustee from April 18, 1935, through September 30, 1944, as confirmed the report of a referee and directed the trustee to pay out of the principal of the trust fund specified allowances to the referee, a guardian ad litem and named attorneys.

Per Curiam.

This is an appeal from certain specified parts of an order confirming the report of a private referee on interim allowances for attorneys and others on account of services and disbursements in a trust accounting proceeding.
In the first place, we wish to express our disapproval of the direction for a reference. We fail to see any necessity for such procedure in this ease. The court itself could have heard the proofs and fixed allowances without the aid of a referee. This is customary practice and should have been followed in this instance.
The awards for attorneys’ fees are for interim services rendered from the beginning of the proceeding to April, 1949. They were fixed prior to the appeal to this court in the main ease (see Matter of Harris [Guaranty Trust Co.], 276 App. Div. 990), which is now the subject of further appeal to the Court of Appeals. This means, of course, an application in the future for additional compensation to cover services in connection with the principal appeals. However, an important factor in determining the value of attorneys’ services is the measure of success with which they are crowned, i.e., the results achieved and the benefits, if any, to the estate or fund. It is evident that the question of ultimate success in the main case was quite problematical at the time of the fixation of the attorneys’ allowances here under review; and, indeed, the ultimate results are still uncertain. Accordingly, we think that at this time there should *1031 be no interim fees in this ease for (1) the attorneys representing the Harris guardian, or (2) the attorneys acting for the ancillary executor. The matter of their allowances should wait until the proceedings are substantially terminated, so that the full measure of their success or lack of success, as well as the benefits, if any, to the estate or fund and the entire cost of the litigation may be ascertained or at least approximated. In the meantime, however, by reason of the duration of the accounting proceedings, we are persuaded to approve an advance payment of $10,000 on account to each group of attorneys aforesaid to be charged against their eventual compensation.
The Harris guardian, under the circumstances disclosed, should be reimbursed for the sums already expended by him for legal fees and other items in connection with his guardianship duties. These disbursements as well as the authorized advance of $10,000 to his attorneys may be charged one half against the general estate and one half against the share of these infants. The legal services were quite evidently rendered in considerable part to the infants as well as to the estate. The payment of any future sums to such attorneys may be charged in whole or in part against the shares of the Harris infants (Civ. Prac. Act, § 207).
The award of the Walsh guardian is reduced to $1,500. Such amount shall be deemed in full compensation for services and disbursements. No further allowance shall be made to this guardian, unless subsequent developments in the case require the rendition of additional services to protect the $5,000' legacy payable to the infant.
The fee of the referee is reduced to $8,500, which shall be inclusive of all expenses and disbursements. The allowance to the Municipal Stenographic Service for work on the referee’s report, etc. is disapproved. The payment for these services should be made by the referee.
We take this occasion to point out that the cost of the proceedings to date would be entirely too high if the allowances under review were permitted to stand. The intervention of this court was necessary to keep the ultimate expense to the trust beneficiaries within reasonable limits.
We also take occasion again to point out, as we did on the prior appeal (276 App. Div. 990, 993), that in the light of the long period of time that has elapsed, the extent of the litigation without any payment to the real beneficiaries of the estate, all parties and the attorneys should expeditiously proceed to bring this case to final adjudication so that distribution may be made to those entitled thereto without unnecessary delay or unduly prolonged litigation.
The order, so far as appealed from, should be modified in accordance with this opinion, and, as so modified, affirmed, with costs to the appellant payable out of the estate.
Peck, P. J., Dore, Cohn, Callahan and Van Voorhis, JJ., concur.
Order, so far as appealed from, unanimously modified in accordance with opinion herein and, as so modified, affirmed, with costs to the appellant payable out of the estate. Settle order on notice.’